Lonnie D. Giamela (SBN 228435)
E-Mail: lgiamela@fisherphillips.com
Kelly N. Oki (SBN 304053)
E-Mail: koki@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for DEFENDANT
FLUOR FLATIRON BALFOUR BEATTY DRAGADOS DBJV (dba LINXS)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TIMOTHY BLAKE,

Plaintiff,

v.

FLUOR FLATIRON BALFOUR BEATTY DRAGADOS DBJV (dba LINXS), a corporate entity of unknown form, BENITO GARCIA, and DOES 1-20, inclusive,

Defendants.

Case No:

*[Removed from Los Angeles Superior Court Case No: 21STCV37326]*

**DEFENDANT FLUOR FLATIRON BALFOUR BEATTY DRAGADOS DBJV (DBA LINXS)'S NOTICE OF REMOVAL AND REMOVAL BASED ON PREEMPTION OF PLAINTIFF'S CLAIMS**

*[Filed concurrently with the Declaration of Kenneth N. Perry, the Declaration of Kelly N. Oki, Civil Cover Sheet, Corporate Disclosure Statement, and Certificate of Interested Parties]*

State Complaint Filed: October 8, 2021
Trial Date: Not Set

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant FLUOR FLATIRON BALFOUR BEATTY DRAGADOS DBJV (dba LINXS) ("Defendant" or "LINXS") hereby removes the above-referenced action of Plaintiff Timothy Blake

("Plaintiff") from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiff's claims, as they are preempted by the Labor Management Relations Act (LMRA).

## I. PROCEDURAL HISTORY

1. On October 8, 2021, Plaintiff filed a complaint in the Superior Court of California for the County of Los Angeles entitled *Timothy Blake v. Fluor Flatiron Balfour Beatty Dragados DBJV (dba LINXS), et al.*, Case No. 21STCV37326 ("State Complaint"). Specifically, Plaintiff's State Complaint alleges causes of action for: (1) Hostile Work Environment Harassment in Violation of the Fair Employment and Housing Act (FEHA); (2) Race Discrimination; (3) Retaliation; (4) Failure to Prevent Harassment, Discrimination, and Retaliation; (5) Wrongful Discharge in Violation of Public Policy; (6) Violation of Labor Code §§ 226.7 and 512; (7) Violation of Labor Code §§ 510 and 1194; (8) Violation of Labor Code § 2263; (9) Violation of Labor Code § 203; and (10) Violation of Business and Professions Code § 17200, *et seq*. (Declaration of Kelly N. Oki ("Oki Dec."), ¶ 3, **Exhibit A**.)

2. Defendant was deemed served with the Summons and State Complaint on October 27, 2021. (Oki Dec., ¶ 4.)

3. The Summons, State Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference and Assignment of Judge for All Purposes are the only pleadings, process, or orders that have been served upon Defendant in this action. (Oki Dec., ¶ 3, **Exhibit A**.)

4. Defendant filed an Answer to Plaintiff's State Complaint on November 23, 2021. (Oki Dec., ¶ 6, **Exhibit B**.) Pursuant to the third affirmative defense, Defendant contends that Plaintiff's overtime and meal period claims are preempted by the LMRA.

5. Defendant is informed and believes that Defendant Benito Garcia has not yet appeared in the State Court proceedings.

6. As discussed herein, Defendant removes this action based on the exception to the well-pleaded complaint rule created by § 301 of the LMRA.

## II. TIMELINESS OF REMOVAL

7. Under 28 U.S.C. § 1446(b) a "notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, . . .." The 30-day period for removal is triggered once service occurs. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).

8. Defendant was deemed served with Plaintiff's State Complaint on October 27, 2021. Therefore, this Notice of Removal is timely as it is being filed within 30 days of the first receipt by Defendant of a copy of an "order or other paper" – in this case, the State Complaint – from which it was first ascertained the case had become removable. 28 U.S.C. § 1446(b)(3).

## III. LMRA PREEMPTION UNDER 29 U.S.C. § 185

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the appropriate district court. "Original jurisdiction" can be based either on the existence of a federal question (28 U.S.C. § 1331) or on diversity of citizenship when the suit is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs (28 U.S.C. § 1332).

10. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. §§ 1441 and 1446, in that it is a civil action raising issues directly implicating questions of federal law under § 301 of the LMRA, 29 U.S.C. § 185, *et seq*. See Radcliff v. San

Diego Gas & Elec. Co., 519 F.Supp.3d 743, 747 (S.D. Cal. 2021) ("[A] civil complaint raising claims preempted by § 301 [of the LMRA] raises a federal question that can be removed to a federal court."). The LMRA provides in § 301 that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or with regard to the citizenship of the parties." See also, Radcliff, supra, 519 F.Supp.3d at 747. The Ninth Circuit has found that the exception to the well-pleaded complaint rule created by § 301 of the LMRA "is an essential component of federal labor policy." Curtis, et al. v. Irwin Industries, Inc., 913 F.3d 1146, 1152 (9th Cir. 2019). In fact, "§ 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Radcliff, supra, 519 F.Supp.3d. at 747, citing Curtis, supra, 913 F.3d at 1152.

11. To determine whether § 301 preempts a given claim, courts apply a two-part test, commonly referred to as the *Burnside* test. Gunther v. N. Coast Coop., Inc., No. 20-cv-02325-RMI, 2020 WL 3394547, at *3 (N.D. Cal. June 19, 2020). First, courts ask whether the claim involves a right existing "solely" from a collective bargaining agreement, rather than from state law. Radcliff, supra, 519 F.Supp.3d. at 747, citing Curtis, supra, 913 F.3d at 1152. If the asserted claim is brought "purely to vindicate a right or duty created by the CBA itself, the claim is preempted." Id. If not, the inquiry proceeds to a second step, which evaluates "whether litigating the state law claim nonetheless requires interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." Id. If this is the case, the claim is preempted. Id.

**a. Plaintiff's Meal and Rest Break Claims are Completely Preempted by § 301 of the LMRA.**

12. Plaintiff's meal and rest period claims are completely preempted under step one of the *Burnside* test, as the exemption created by § 301 of the LMRA applies to his claims. Plaintiff's sixth cause of action alleges that Defendant "regularly employed Plaintiff for periods of more than five (5) hours without providing him the opportunity to take a 30-minute uninterrupted meal period, and [Defendant] regularly failed to authorize, permit, and provide Plaintiff with additional meal and rest periods as required by law." (Oki Dec., ¶ 3, **Exhibit A**, at ¶ 64.)

13. California Labor Code § 512 provides, in relevant part, that an employer must provide a thirty-minute meal period for employees who work more than five hours per day, unless the total work hours for the day will not exceed six hours, then the meal period may be waived by mutual consent of employee and employer. Cal. Lab. Code § 512(a). However, an employee may be exempted from § 512(a) provided certain conditions are met. Subdivision (e) provides that the meal period requirements do not apply to an employment relationship if two conditions are satisfied: (1) the employee is covered by a valid CBA, and (2) the CBA meets requirements set forth by § 512(e). Subdivision (e) specifies that the CBA must expressly provide for (1) the wages, hours of work, and working conditions of employees; (2) meal periods for those employees; (3) final and binding arbitration of disputes concerning application of its meal period provisions; and (4) premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate. Gunther, supra, 2020 WL 3394547, at *7. Moreover, subdivision (f) explains that subdivision (e) specifically applies to employees in "construction occupations," amongst others. Id., citing Cal. Lab. Code § 512(f).

14. Here, the exemption created by Labor Code § 512 applies to Plaintiff's claims. First, Plaintiff is subject to a valid CBA. (Declaration of Kenneth N. Perry ("Perry Dec."), at ¶¶ 5, 6, **Exhibit 2**, Articles IX, X, XV and **Exhibit 3**, Articles XVI.) Second, the CBA contains express provisions satisfying the conditions set forth in § 512(e)(2). (Perry Dec., at ¶¶ 6, 8, **Exhibits 2** and **3**.) Third, Defendant is a joint venture created for the express purpose of providing construction services, and Plaintiff was a construction laborer. (Perry Dec., ¶¶ 2-4.) Multiple district courts sitting in the Ninth Circuit have found that if the requirements of § 512(e) are met, an employee's § 512 meal period claim would be preempted under the LMRA. Radcliff, supra, 519 F.Supp.3d at 751, citing Fennix v. Tenderloin Housing Clinic, Inc., No. 20-cv-05207-DMR, 2020 WL 6462394, at *4 (N.D. Cal. Nov. 3, 2020); Gunther, supra, 2020 WL 3394547, at *6-8.

15. As the § 512(e) exemption applies here, Plaintiff's meal period rights exist solely because of his CBA, and Plaintiff's meal and rest period claims are preempted, as they were brought "purely to vindicate a right or duty created by the CBA itself." Radcliff, supra, 519 F.Supp.3d. at 747, citing Curtis, supra, 913 F.3d at 1152. As the first step of the *Burnside* test has been satisfied, Defendant need not examine the second step.

16. Accordingly, this Court has original jurisdiction over Plaintiff's meal and rest period claims.

**b. Plaintiff's Overtime Claim is Similarly Completely Preempted by § 301 of the LMRA.**

17. Plaintiff's seventh cause of action alleges that "[i]t is unlawful under California law for an employer to suffer or permit an employee to work without paying wages for all hours worked, including but not limited to, overtime wages or work," and that he "performed a substantial amount of [overtime] work for which he was never compensated." (Oki Dec., ¶ 3, **Exhibit A**, at ¶ 68.)

18. California Labor Code § 510(a) regulates the payment of overtime wages. As with Plaintiff's meal and rest period claims, the § 512(e) exemption applies to Plaintiff's overtime claim, as (1) Plaintiff is subject to a valid CBA; (2) the CBA contains express provisions satisfying the conditions set forth in § 512(e)(2); and (3) Defendant is a joint venture created for the express purpose of providing construction services, and Plaintiff was a construction laborer. (Perry Dec., at ¶¶ 2-6, 8, **Exhibits 2** and **3**.)

19. The Ninth Circuit's Curtis opinion is particularly instructive on this issue. In Curtis, an employee asserted several California law claims against his employer, including one for failure to pay overtime wages pursuant to Labor Code § 510. 913 F.3d at 1150. The defendant employer removed the action to federal court, in part pursuant to § 301 of the LMRA, as the employee was subject to a CBA that met the requirements of § 514. Id. at 1151, 1153-1154. The Curtis court found that as the CBA plaintiff was subjected to met the requirements of § 514, his right to overtime "exist[ed] solely as a result of the CBA" and was therefore preempted. Id. at 1154; see also, Radcliff, supra, 519 F.Supp.3d at 749. The Curtis court reasoned that § 510 creates a negotiable right to overtime wages; therefore, if an employee negotiates away this right by entering into a qualifying CBA, the employee's right to overtime wages necessarily derives from the CBA rather than California law. 913 F.3d at 1154-1155.

20. Using the Curtis court's reasoning, the court in Radcliff similarly found that the plaintiff's overtime claim was preempted, as he was subject to a CBA that met the requirements of § 514. 519 F.Supp.3d at 749. In finding that the CBA at issue met the requirements of § 514, the Radcliff court ruled that "Plaintiff [did] not have a right to overtime under section 510, making his right to overtime necessarily 'exist as a result of the CBA.'" Id., citing Curtis, 913, F.3d at 1154. The Radcliff court additionally cited to a number of other district courts sitting in

the Ninth Circuit who have applied Curtis to exercise original jurisdiction over overtime claims covered by § 514-compliant CBAs. Id. at 750, citing Tolentino v. Gillig, LLC, No. 20-cv-07427-MMC, 2021 WL 121193, at *2-3, 6 (N.D. Cal. Jan. 13, 2021); Landy v. Pettigrew Crewing, Inc., No. 2:19-cv-07474-RGK-AFM, 2019 WL 6245525, at *3-5 (C.D. Cal. Nov. 22, 2019); Franco v. E-3 Sys., No. 19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019); Fennix, supra, 2020 WL 6462394, at *3; Diaz v. Sun-Maid Growers of Cal., No. 1:19-cv-00149-LJO-SKO, 2019 WL 1785660, at *6-8 (E.D. Cal. Apr. 24, 2019).

21. As § 512(e) exemption applies to Plaintiff's overtime claim, this claim is preempted and this Court has original jurisdiction over it.

## IV. SUPPLEMENTAL JURSIDCTION

22. To the extent this Court considers Plaintiff's other theories as separate "claims," this Court has supplemental jurisdiction over those remaining claims, as they form part of the same case or controversy that is the subject of Plaintiff's overtime, rest break, and meal period claims. 28 U.S.C. §§ 1367(a), 1441(a); see City of Chicago v. Int'l Conference of Surgeons, 522 U.S. 156, 156-159 (1997) (affirming the exercise of supplemental jurisdiction over a plaintiff's state law claims where they have a "common nucleus of operative fact" with the federal claims).

23. Therefore, this Court has jurisdiction over all claims in Plaintiff's State Complaint.

## V. VENUE

24. This action was originally brought in the Superior Court of California for the County of Los Angeles. Thus, venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(a).

## VI. NOTICE OF REMOVAL

25. This Notice of Removal to the United States District Court for the Central District of California will be promptly served on Plaintiff's counsel of record and filed with the Clerk of the Superior Court of California for the County of Los Angeles.

26. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders from the state court action served on Defendant or filed by Defendant are attached to the Declaration of Kelly N. Oki in support of Defendant's Notice of Removal and Removal as the following exhibits: the Summons, State Complaint, the Civil Case Cover Sheet, the Notice of Case Management Conference and Assignment of Judge for All Purposes, collectively **Exhibit A** to the Declaration of Kelly N. Oki, and Defendant's Answer to Plaintiff's State Complaint, **Exhibit B** to the Declaration of Kelly N. Oki.

## VII. CONCLUSION

Based on the foregoing, Defendant requests that the above action, pending before the Superior Court of California for the County of Los Angeles, be removed to the United States District Court for the Central District of California.

Dated: November 24, 2021

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/Kelly N. Oki*
Lonnie D. Giamela
Kelly N. Oki
Attorneys for Defendant
FLUOR FLATIRON BALFOUR BEATTY DRAGADOS DBJV (dba LINXS)

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On November 24, 2021 I served the foregoing document entitled **DEFENDANT FLUOR FLATIRON BALFOUR BEATTY DRAGADOS DBJV (DBA LINXS)'S NOTICE OF REMOVAL AND REMOVAL BASED ON PREEMPTION OF PLAINTIFF'S CLAIMS** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kevin W. Chiang<br>EQUITY LEGAL GROUP, P.C.<br>201 S. Lake Ave., Ste. 506<br>Pasadena, CA 91101 | *Attorney for Plaintiff TIMOTHY BLAKE*<br><br>Tel: (818) 928-5677<br>Email: kchiang@equitylegalgroup.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed November 24, 2021 at Los Angeles, California.

| Anh Tran | By: */s/ Anh Tran* |
|---|---|
| Print Name | Signature |